**Susan R. Carré**
**Respondent, In Pro Per**
11196 Vista Sorrento Parkway #H201
San Diego, CA 92130
858.306.2480



FILED
Aug 15 2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ dmartinez   DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KATHLEEN CARRE,

Petitioner;

v.

SUSAN R. CARRÉ,

Respondent

Case No. '23 CV 1499 WQHBGS

**NOTICE OF REMOVAL**

(SDCS Civil Case No. 37-2023-00028448-CL-HR-CTL)

### NOTICE OF REMOVAL

Respondent, Susan R. Carre, hereby moves Case No. 37-2023-00028448-CU-HR-CTL be removed from Superior Court of California County of San Diego Central Division to United States District Court of Southern California Ninth District pursuant to 28 U.S.C. §§ 1441 and 1446 for jurisdictional grounds for its removal. On July 7, 2023, Judge Rebecca G. Church granted a Civil Harassment Temporary Restraining Order (TRO) against Respondent for which

1

she lacked jurisdiction and grounds. Respondent asserts her Constitutional right to due process was violated in that the Court lacked jurisdiction to grant the the TRO, and this was a malicious use of process by which bias against Respondent was shown, and question as to judicial honesty.

This case falls under Federal Jurisdiction as Respondent's US and California Constitutional rights were violated from the start in the issuance of a Civil Harassment Temporary Restraining Order (TRO) against Respondent that carries harsh ramifications for which the Court lacked jurisdiction. Testimony and purported evidence filed by Petitioner, that the Court alleged it had not received and no proof to date had been filed with the Court, were clearly FAMILY COURT DISCOVERY ISSUES that wild accusations of identity theft and embezzlement for which the Court lacked jurisdiction to grant even if proven to be true. Defendent contends this was a malicious abuse of process that infringed upon her Fourteenth Amendment Rights.

## STATEMENT OF CASE

Respondent states as follows:

    1. On or around July 17, 2023, Respondent was served with a

Temporary Civil Harassment Restraining Order filed by Respondent's daughter's estranged step-mother, and new spouse of Respondent's former husband, Stephen L. Carre ("Father");

2. Respondent, Susan R. Carré, is the Petitioner ("Mother," as applicable), and Mr. Carré is the Respondent ("Father," as applicable) in SDSC Family Court Case No. DN160594;

3. On July 7, 2023, Petitioner filed a request for a Temporary Civil Harassment Restraining Order via FAX;

4. Petitioner falsely alleged she is not involved in any other litigation with Respondent, though Petitioner's description of the alleged "harassment" and "stalking" is far from the legal term and criteria needed to obtain a Temporary Civil Harassment Restraining Order;

5. Petitioner failed to give testimony as to why she feared for her safety, or even give one example that might support this dramatic accusation;

6. The Court erroneously went outside of its jurisdiction to

3

make an ex parte, severely damaging temporary order about Respondent before she had an opportunity to defend herself, and is one that that is not easily removed from law enforcement's database;

7. AT BEST, Petitioner complained about FAMILY COURT DISCOVERY ISSUES, and made FALSE ACCUSATIONS, for which she offered no evidence or factual testimony, that Respondent allegedly "stole her identity," "ran she and her husband's credit reports," or "embezzled money" from Petitioner;

8. Aside, the exact same accusations were made in 2021, and not proven to be true, thus falls under the Doctrine of Res Judicata;

9. It is reasonably believed the subpoenas issued that relate to Father's joint tax returns, joint bank accounts, and joint investments have the ability to incriminate Petitioner's husband, and why their production brings Petitioner emotional distress, and not as a result of alleged "harassment" or

"stalking;"

10. Petitioner falsely alleged she was not "involved in" any other litigation with Responent, yet **100% of her exhibits and testimony relate to SDSC FAMILY COURT CASE No. DN160594**;

11. In early June 2023, Mother learned Father's pay stubs since 2020 filed with the Court had been FALSIFIED, presumed to be in an effort to lessen his child support obligations;

12. Mother has three motions pending to set aside orders related to Father's financials, and why she subpoenaed his known financial institutions;

13. Mother had good cause based on NEW INFORMATION, so regardless of the fact she intends to challenge past orders based on FRAUD, Father's joint financials are relevant;

14. What Petitioner fails to accept is that their tax returns (Married Filing Jointly) as well as joint financial and investment accounts are DISCOVERABLE;

5

15. Petitioner's delusional, downplayed recitement of incidences as they allegedly occurred in FAMILY COURT are hearsay and not facts found in the record or evidenced;

16. There is no doubt Petitioner suffers from emotional distress related to the FAMILY COURT case are the result of her husband's incestuous acts reported to law enforcement as minors and after emancipation;

17. In December 2021, California Victim's Compensation Board (CalVCB) found Mother to be a victim of Father's acts of domestic violence, and Father was determined to be in violation of CA Penal Code 273.5 for child abuse related to both of his daughters dated back to January 1, 2015 when the children were 9 and 11 years old;

18. At no time were the children's corroborated, individual disclosures of sexual assault or emotional abuse, or what Defendant reported, determined to be "false," or the parties would be involved in an entirely different type of litigation;

19. Petitioner failed to mention the fact her husband estranged

his teenage daughters after they reported his acts of sexual assault and emotional abuse, her step-daughters wrote four letters to the Court about the abuse that went ignored;

20. At the initial TRO hearing on August 2, 2023 in Department C-61, Judge Peter Murray questioned why the TRO request was brought to his courtroom because it appeared to be a FAMILY COURT issue;

21. It was Judge Rebecca C. Church who granted Petitioner's TRO on July 7, 2023;

22. Nowhere does the law allow for a Temporary Civil Harassment Restraining Order to be issued as a means to curb Petitioner's FAMILY COURT DISCOVERY accusations, or unsupported testimony of "identity theft" related to information dated back to 2020, which raises a second jurisdictional issue;

23. If there were truly concerns of identity theft, this would be the jurisdiction of the Federal Trade Commission and the FBI's IC3 division;

24. Petitioner made false accusations that were criminal in

nature, knowing there is no evidence to support her exaggerated imagination;

25. Nor does the law define "Identity Theft," if proven to be true, as a means of "harassment;"

26. The issues pled by Petitioner are irrelevant to obtain a Temporary Civil Harassment Restraining Order, and puts at issue judicial bias against Respondent;

27. Respondent asks the Court to consider Petitioner's credibility overall, as it should be in question, along with her attorney, Cassandra Hearn, an officer of the court who actually chose to file the request;

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

28. Pursuant to 28 U.S.C. Section 1446(a), a true and correct copy of all known documents filed to date in this action that have been served upon Respondent are being filed with this Notice of Removal.

29. The Notice of Removal has been filed within 30 days of the

date that Respondent was served with the Civil Harassment Restraining Order in this matter. Removal is therefore timely in accordant with 28 U.S.C. Section 1446(b).

30. Venue is proper in this Court pursuant to 28 U.S.C. Setoins 1441(a) and 1446(a) because the U.S. District Court for Southern California is the federal judicial district embracing the Superior Court of California County of San Diego where the State Court Action was originally filed.

## CONCLUSION

By this Notice of Removal, Respondent does not waive any objections it may have as to service, jurisdiction or any other defenses or objections it may have to this action. Respondent intends no admission of facts, law or liability by this Notice, and expressly reserves all defenses, motions and/or pleas.

Dated: August 13, 2023                Respectfully Submitted,

                                      *[signature]*

                                      Susan R. Carré
                                      Respondent, In Pro Per

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kathleen Carre )<br>)<br>vs. )<br>)<br>)<br>Susan R. Carre )<br>)<br>) | Case No. _____<br><br>**DECLARATION OF SERVICE**<br><br>Person Served:<br>Cassandra Hearn<br><br>Date Served:<br>08/13/23 |

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above named person the following documents:
Notice of Removal
in the following manner: (check one)

1)      By personally delivering copies to the person served.

2)      By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to ther person served at the place where the copies were left.

3)      By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

4)    **X**    By placing a copy in a separate envelope, with postage fully prepaid, for each address named below and depositing each in the U.S. Mail at San Diego, CA on August 13, 2023.

Executed on ____August 13,____, 2023 at 4:00pm

_____[signature]_____